UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EAST TANGIPAHOA DEVELOPMENT          CIVIL ACTION
COMPANY, LLC AT AL

VERSUS                               NO: 06-9256

BEDICO JUNCTION, LLC ET AL           SECTION: J

## ORDER AND REASONS

Before the Court is Defendant U.S. Corps of Engineers'
**Motion to Dismiss (Rec. Doc. 23),** Defendant Bedico's Junction
**Motion for Summary Judgment (Rec. Doc. 39),** and Plaintiffs East
Tangipahoa Development Company, LLC and Byard Edwards' **Motion for
Leave to file Second Amended Complaint (Rec. Doc. 32).**  These
motions, which were opposed, were set for hearing on September 5,
2007 on the briefs.  Upon review of the record, the memoranda of
counsel, and the applicable law, this Court now finds, for the
reasons set forth below, that Defendant U.S. Corps of Engineers'
Motion to Dismiss motion should be granted and this case remanded
to the Twenty-First Judicial District Court for the Parish of
Tangipahoa, State of Louisiana, for further proceedings.

## Background Facts

This litigation arises out of a dispute over the ownership
of a 528 acre tract of land in Tangipahoa Parish.  Plaintiff
Byard Edwards, Jr. inherited the land in the early 1990s and
sought to develop it into a subdivision and golf course.  In

December of 1997, Edwards conveyed thirty-two percent of the property to the Ponchatoula Recreational District by Credit Deed for use as a golf course and the remaining sixty-eight percent to East Tangipahoa Development Company, LLC ("ETDC") for development into a subdivision.  That same month, ETDC transferred its interest to David Scott Sandage and Harold Perriloux by way of a Credit Deed.  Sandage and Perriloux transferred their interest in the property to Bedico Junction, LLC ("Bedico") on November 16, 2001.  Bedico, along with Wayne Glascock and Don Ayers, two of Bedico's managing members, and Harold Perriloux are the private Defendants in this action.

On November 16, 2001, ETDC entered into an Amendment to the Development Agreement with Bedico.  The Amendment included a provision that:

> Developer (Bedico) shall have twenty-four (24) months from the date of this Agreement to obtain all necessary licenses, permits, or other approval from all required State and Federal agencies including, without limitation, wetlands permit from the U.S. Corp of Engineers, in order to proceed with the project as defined in this agreement.  At the termination of the twenty-fourth month extending from this agreement or upon receipt of written notice from the developers, delivered to seller that developers are unable to obtain all required licenses or permits to proceed with the project, whichever occurs first, and provided said twenty-four month period is not extended by agreement between seller and developer, seller shall have 180 days from said date to re-purchase the property purchased by developers from seller in that certain Amended Credit Deed . . . .

The Amended Development Agreement also included a provision that

all rights under the Amended Credit Deed and Development
Agreement would terminate in the event of ETDC's failure to
exercise its right of re-purchase within the 180 day period.

In 1999, private Defendants' predecessors requested a
jurisdictional determination from the Corps, the public Defendant
in this action, to ascertain whether the property was within the
Corps' regulatory jurisdiction under the Clean Water Act.  The
Corps responded in February of 1999 that it had jurisdiction over
wetlands on the property, meaning that a wetlands permit would be
required for any development.  In December 2002, Bedico submitted
an application to the Corps for a wetlands permit, but did not
respond when the Corps returned the application and requested
additional information necessary for processing.  Plaintiffs
allege that in June 2003, five months before the expiration of
the permitting period, private Defendants Perriloux and Glascock
requested an open-ended extension of the permitting period in
order to obtain financing and complete the wetlands permit
application.  Plaintiffs allege that such an extension was
granted and that the extension is ongoing.  Private Defendants do
not deny Plaintiffs' allegation of an oral extension, but
maintain that no *written* extension was given.

Plaintiffs brought the present action against the private
Defendants in state court, filing a Petition with Notice of Lis
Pendens alleging their breach of the Amended Development
Agreement.  The private Defendants moved for summary judgment on
November 2, 2006.  Plaintiffs subsequently filed a Supplemental

3

Petition, naming the Corps as an additional Defendant. Plaintiffs allege that the Corps interfered with the development contract by wrongfully asserting regulatory jurisdiction over the property.  The Corps removed the action to this Court and now moves to dismiss for lack of subject matter jurisdiction. Plaintiffs then filed a motion for leave to file a second amended complaint, which would add a Fifth Amendment takings claim against the Corps.

## Discussion

**Arguments of the Parties:**

The Corps, the public Defendant, asserts that Plaintiffs' complaint fails to establish subject-matter jurisdiction for two reasons.  First, they maintain that Plaintiffs cannot establish standing under Article III of the Constitution because the injury claimed, damages for breach of contract, is traceable to the private Defendants and not to the Corps.  Further, they argue that the injury is not likely to be redressed by granting Plaintiffs' request for injunctive and declaratory relief, as a finding for Plaintiffs would not return the parcel to Plaintiffs or result in development of the parcel.

Second, public Defendants assert that Plaintiffs have failed to identify a relevant statutory waiver of sovereign immunity, which is a prerequisite to establishing jurisdiction over an agency of the United States.  Public Defendant argues that even if Plaintiffs had pled a waiver of immunity under the Administrative Procedure Act, such a waiver would not apply

4

because a jurisdictional determination does not constitute a "final agency action" as required by the APA for review by a court.

Public Defendants apply the same reasoning in their objections to Plaintiffs' motion for leave to file a second amended complaint.  Because there has been no waiver of immunity and because any takings claim that Plaintiffs may have is not yet ripe, such a claim is incapable of review, and as such, Plaintiffs' motion for leave to file a second amended complaint should be denied.

In response, Plaintiffs do not speak to public Defendants' argument that the court lacks subject matter jurisdiction over their takings claim.  Instead, Plaintiffs respond as if public Defendants had moved to dismiss for failure to state a claim rather than for lack of subject matter jurisdiction.

As for private Defendants' motion for summary judgment, Defendants point, by way of case law, to Article 1839 of the Louisiana Civil Code, which has been interpreted to require that agreements regarding the transfer or encumbrance of immovables, including options to purchase or sell real estate, must be in writing.  See Pittman v. Polmeroy, 552 So. 2d 983, 986  (La. App. 2d Cir. 1989).  Consequently, they assert that any extension of the permitting period was invalid without a written memorialization, and therefore the Plaintiffs' ownership interest in the property was extinguished when they failed to exercise the re-purchase option within 180 days of November 16, 2001.

5

In reply, Plaintiffs concede that agreements regarding the transfer or encumbrance of immovables must be in writing, but argue that the Amended Development Agreement related only to the use of an immovable, and such agreements are not required to be in writing.  See Smith v. Hardy, 190 So. 180 (La. App. 2 Cir. 1939); Whatley v. McMillan, 152 La. 978 (La. 1922).  Plaintiffs also maintain that the parties to the Amended Development Agreement did not require in their agreement that any extension of the permitting period be in writing.  Plaintiffs also assert that private Defendants waived the requirement of a writing to extend the permitting period and are therefore estopped from raising the necessity of a writing requirement.  Plaintiffs cite Pittman in support of this argument, but do not plead the elements of estoppel nor allege any facts that would constitute a waiver.

Plaintiffs also assert that because the writing requirement for the transfer of immovable property is overcome under Article 1839 when "the property has been actually delivered and the transferor recognizes the transfer under oath," the oral extension was valid because the extension of time constituted property and  Edwards' affidavit recognizes the extension.  La. Civ. Code Ann. Art. 1839 (1987).

Finally, Plaintiffs argue that the suspensive condition to the re-purchase period should be regarded as fulfilled under Article 1772, which states that "a condition is regarded as fulfilled when it is not fulfilled because of the fault of a

party with an interest contrary to the fulfillment."  La. Civ.
Code Ann. Art. 1772 (1987).  Plaintiffs argue that the terms of
the Development Agreement were such that if the private
Defendants did not obtain the required permits, the Plaintiffs'
only recourse would be an attempted re-purchase of the land
within 180 days.  Plaintiffs maintain that if such re-purchase
failed, private Defendants would own the $5,000,000 tract of land
free and clear for $250,000, and as such, obtaining the permits
was contrary to the private Defendants' interest.

**Applicable Law:**

A motion to dismiss for lack of subject-matter jurisdiction
must be granted if the court lacks statutory authority to hear
and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  The burden of
establishing subject-matter jurisdiction falls squarely upon the
plaintiff.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561
(1992).  In ruling on a motion to dismiss under Rule 12(b)(1), a
court may look to "(1) the complaint alone; (2) the complaint
supplemented by undisputed facts; or, (3) the complaint
supplemented by undisputed facts plus the court's resolution of
disputed facts."  Robinson v. TCI/US West Commc'ns, 117 F.3d 900,
904 (5th Cir. 1997).  Where a court reviews extrinsic evidence
for a Rule 12(b)(1) motion, no presumption of truthfulness
attaches to the plaintiff's allegations.  Williamson v. Tucker,
645 F.2d 404, 412-13 (5th Cir. 1981).

Because Plaintiffs have raised claims against the United
States, this Court lacks subject-matter jurisdiction unless the

United States has waived its sovereign immunity.  "Without an
unequivocal waiver, federal courts lack jurisdiction to hear
suits brought against the United States."  Delta Commercial
Fisheries Ass'n v. Gulf of Mexico Fishery Mgmt. Council, 364 F.3d
269, 274 (5th Cir. 2004).  A waiver of sovereign immunity must be
explicitly stated and strictly construed.  Soriano v. United
States, 352 U.S. 270, 276 (1957).

     In the present case, Plaintiffs have not pled any waiver of
sovereign immunity, nor provided any authority in support of
their allegation that this court can hear their claims against
the Corps under 28 U.S.C. § 1331.  Furthermore, although the
issue has not been addressed in the Fifth Circuit, other courts
have held that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-
2201, provides a remedy, not a waiver of sovereign immunity nor
jurisdiction in the absence of an independent basis for subject
matter jurisdiction.  See Skelly Oil Co. v. Phillips Petroleum
Co., 339 U.S. 667, 671-72 (1950); Muirhead v. Mecham, 427 F.3d
14, 18 n.1 (1st Cir. 2005).  As a result, the Corps' motion to
dismiss for lack of subject matter jurisdiction must be granted.

     Granting the Corps' motion to dismiss would result in the
dismissal of the only federal claim currently pending in this
matter, leaving only state claims.  Under 28 U.S.C. 1367, a
district court "may decline to exercise supplemental jurisdiction
over a claim . . . if (1) the claim raises a novel or complex
issue of State law, (2) the claim substantially predominates over
the claim or claims over which the district court has original

8

jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  See 28 U.S.C. 1367(c); <u>Batiste v. Island Records, Inc.</u>, 179 F. 3d 217, 221 fn.4 (5th Circuit 1999).  The foundation for refusing to exercise jurisdiction over such state law claims lies in the notion that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  <u>Guzzino v. Felterman</u>, 191 F.3d 588, 594 (5th Circuit 1999).

    As such, the general rule is to decline to exercise jurisdiction over pendant state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial.  <u>Batiste</u>, 179 F.3d at 227; see also <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").  Still, this rule is not mandatory and no single factor is dispositive.  <u>Batiste</u>, 179 F.3d at 227.  The Court's wide discretion to decline to exercise jurisdiction and remand the case back to state court following a dismissal of all federal claims depends on both the specific circumstances of the case at bar, and the balance of "the relevant factors of judicial

economy, convenience, fairness, and comity." Id.; see also
Cohill, 484 U.S. at 350 fn. 7; Robertson v. Neuromedical Center,
161 F. 3d 292, 296 (5th Circuit 1998).

For instance, in Batiste v. Island Records, Inc., the
district court's decision to refuse to exercise jurisdiction came
after the case had been pending for almost three years and trial
was to begin one month later.  179 F.3d at 226-27.  Based on the
resulting prejudice to the parties, this decision was overturned
on appeal.  Id. at 228.  Conversely, in Cohill, when the single
federal-law claim in the action was eliminated at an early stage
of the litigation, the appellate court upheld the district
court's decision not to exercise jurisdiction.  484 U.S. at 350-
51, 357.

Consideration of these factors as they are applied to the
present case demonstrates that this case should be remanded to
the state court for consideration of the remaining state-law
issues currently pending.  By dismissing the claim against the
Corps, the only federal claim in the matter, only state claims
remain.  The present case was removed to federal court on
November 1, 2006.  In other words, the case has not even been
pending in federal court for one year.  In addition, there is no
scheduling order issued and no trial date has been set.  The only
activity in the case is several substitutions of attorneys and
recurrent continuances of the hearing to discuss the three
motions currently before the Court.  As a result, there would be
little to no prejudice to the parties if the proceedings were

10

remanded to state court as per the district court's wide discretion to do so.

Granting the Corps' motion to dismiss renders Plaintiffs' motion for leave to file a second amended complaint moot.  To wit, Plaintiffs' motion for leave to file a second amended complaint is denied.

Furthermore, because this Court has ordered a remand of the case to state court, private Defendants' motion for summary judgment is also denied as moot.

Accordingly,

**IT IS ORDERED** that Defendant U.S. Corps of Engineers' **Motion to Dismiss (Rec. Doc. 23)** should be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is hereby **REMANDED** to the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, for further proceedings.

**IT IS FURTHER ORDERED** that Defendant Bedico's Junction **Motion for Summary Judgment (Rec. Doc. 39)** and Plaintiffs East Tangipahoa Development Company, LLC and Byard Edwards' **Motion for Leave to file Second Amended Complaint (Rec. Doc. 32)** are hereby **DENIED** as moot.

New Orleans, Louisiana this 30th day of August, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE