```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

EAST TANGIPAHOA DEVELOPMENT                 CIVIL ACTION
COMPANY, LLC, ET AL


VERSUS                                      NO: 06-9256


BEDICO JUNCTION, LLC, ET AL                 SECTION: J
```

**ORDER AND REASONS**

Before the Court is a motion by Plaintiffs East Tangipahoa Development Company, LLC and Byard Edwards, Jr. for a new trial and/or for reconsideration of this Court's August 30, 2007 Order and Reasons granting the Motion to Dismiss filed by Defendant, the United States Army Corps of Engineers ("Corps") (Rec. Doc. 58).

This motion, which was opposed, was set for hearing on October 3, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this motion should be denied.

**Background Facts**

Plaintiffs entered into a development agreement with

Defendant Bedico Junction, LLC ("Bedico"). Plaintiffs asserted that the Corps interfered with this development contract by wrongfully asserting regulatory jurisdiction over the property. The Corps moved to dismiss for lack of subject matter jurisdiction on March 9, 2007. On April 24, 2007, Plaintiffs filed their Motion for Leave to File a Second Amended Complaint and their opposition to the Corps' Motion to Dismiss. On August 30, 2007, this Court granted the Corps' Motion to Dismiss and denied Plaintiffs' Motion to File a Second Amended Complaint.

## Discussion

**Arguments of the Parties:**

Regarding the request for reconsideration, Plaintiffs do not assert any basis for such a motion and instead merely reargue the takings issue, which Plaintiffs feel this Court did not appropriately consider. Plaintiffs maintain that: (1) the takings claim was sufficiently pleaded, (2) the takings claim provides an independent basis of jurisdiction, and (3) the takings claim was viable and ripe against the Corps.

Regarding the pleadings, Plaintiffs contend that Defendant was put on notice of the takings claim through the First Supplemental and Amending Petition for Damages, where Plaintiffs asserted that the Corps "has been and will continue to prevent plaintiffs from the use and enjoyment of the subject property." Next, Plaintiffs contend that the Court was in error in finding

that the Plaintiffs provided no authority for the exercise of jurisdiction over the Corps. Through the Fifth Amendment to the Constitution, Plaintiffs maintain that the takings claim is an inherent waiver of sovereign immunity. Finally, Plaintiffs rebut the Corps' position that the takings claim is not ripe, instead insisting that such a determination must be based on a factual inquiry, involving a myriad of factors.

Plaintiffs ask this Court to accept federal question jurisdiction, and if necessary, transfer these proceedings to the Court of Claims.

In reply, as an initial matter, Defendant contends that Plaintiffs have failed to establish any ground for reconsideration. Under Fed. R. Civ. P. 59(e), there are three recognized grounds for reconsideration of a court's decision: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Defendant avers that Plaintiffs' request for reconsideration does not rest on any one of such grounds, but instead pleads a takings cause of action—the same argument Plaintiffs made in their opposition to Defendant's motion to dismiss.

Addressing each of Plaintiffs' contentions in turn, Defendant maintains that Plaintiffs' complaint does not include a

takings claim and that this Court denied Plaintiffs' motion to amend to add the takings claim.  Thus, the takings claim is not a sufficient basis for reconsideration.

Next, Defendant asserts that the jurisdictional basis for the takings claim was never determined by this Court but is irrelevant given Plaintiffs' failure to plead such a claim.  However, even if evaluated by the Court, the district court's jurisdiction is limited to claims not exceeding $10,000 and as Plaintiffs agree, this claim exceeds that amount.  See 28 U.S.C. § 346(a)(2).  If Plaintiffs' takings claim is viable, jurisdiction rests with the Court of Federal Claims under 28 U.S.C. § 1491(a)(1).

Finally, Defendant reasserts that Plaintiffs' takings claim is not ripe and Plaintiffs lack standing.

**Applicable Law:**

### Motion to Reconsider

Under Fed. R. Civ. P. 59(e), motions to reconsider or for a new trial "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986).  "These motions cannot be used to raise arguments which could, and should, have been made before the judgement issued.  Moreover, they cannot be used to argue a case under a

new legal theory." Id.

Plaintiffs' motion simply reasserts the arguments made in the memorandum in opposition to Defendant's motion to dismiss. Plaintiffs merely outline their takings claim, which had previously be evaluated by this Court in its Order and Reasons. Thus, as an initial matter, Plaintiffs lack satisfactory grounds for a motion to reconsider.

### Pleading the Takings Claim

In this Court's Order and Reasons, the Plaintiffs' Motion for Leave to file a Second Amended was denied as moot. However, Plaintiffs' assert that their First Supplemental and Amending Petition for Damages (filed in state court) put the Corps on notice that they asserted a takings claim. In paragraph IX of this First Petition, the Plaintiffs state that "[t]he United State Army Corps of Engineers has been and will continue to prevent plaintiff from the use and enjoyment of the subject property."

However, save this mention of interference with use of property, the remainder of the complaint and prayer for relief do not raise a takings claim. Specifically, Plaintiffs only sought injunctive relief and declaratory relief. Read as a whole, the paragraph which Plaintiffs refer to as the "takings claim" did not serve to assert a takings cause of action, but rather supported Plaintiffs' request that the Corps be enjoined from

"interfering with plaintiffs' [] lawful activities on the subject property."  Also, unlike Bedico, Plaintiff did not seek any damages or compensation from the Corps.

The remainder of Plaintiffs' assertions are based on the assumption that the Plaintiffs appropriately pleaded their takings claim.  However, this Court declined to grant Plaintiffs' Motion for Leave to File a Second Amended Complaint as moot.

### Transfer versus Dismissal

All parties agree that this Court does not have jurisdiction over the takings matter, as the amount in controversy exceeds $10,000.  Plaintiffs ask this Court to accept jurisdiction and then transfer to the appropriate Court.  Defendant however urges to court to affirm the dismissal and notes that Plaintiffs "remain free to file that claim in the Court of Federal Claims, which is the only federal court with jurisdiction to hear such claims."

As such, Plaintiffs' remedy is to file a claim with the Court of Federal Claims, not to seek a new trial and/or reconsideration here.  It remains clear that the Corps has not waived sovereign immunity, and thus Plaintiffs' actions for injunctive relief and declaratory relief cannot proceed.  With regard to the takings claim, Plaintiffs did not appropriately plead the matter in their First Supplemental Complaint.  Even if this Court had granted Plaintiffs' Motion to File a Second

Amended Complaint, this Court lacks jurisdiction over the matter as it exceeds the statutory limit of $10,000.  Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for New Trial and/or Motion for Reconsideration (Rec. Doc. 58)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 3rd day of October, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE